IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PAUL LILLIE,                                                                 CV. 11-1309-MO

        Petitioner,                                                          ORDER

  v.

JEFFREY THOMAS,

        Respondent.

MOSMAN, District Judge.

    Petitioner's Motion for Summary Judgment (#11), Motion for Appointment of Counsel (#12), and Motion for Evidentiary Hearing (#14) are before the Court. Petitioner's motions have been properly served on Respondent. For the reasons set forth below, the motions are DENIED.

    Motion for Summary Judgment

    Pursuant to the Federal Rules of Civil Procedure, a motion for summary judgment should be granted if the record shows "there is no genuine issue as to any material fact *and* that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added). The record before the Court does not show

1 - ORDER

Petitioner is entitled to relief as a matter of law. Accordingly, Petitioner's Motion for Summary Judgment (#11) is DENIED.

### Motion for Appointment of Counsel

Unless an evidentiary hearing is required, the decision to appoint counsel in a habeas corpus proceeding is within the discretion of the district court. *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). This discretion is exercised in favor of an appointment if the circumstances of the case indicate that counsel is necessary to prevent due process violations or if the court determines "'that the interests of justice require.'" *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987) (quoting 18 U.S.C. § 3006A(g)); *Knaubert*, 791 F.2d at 728-29.

The interests of justice do not require the appointment of counsel in this case. The legal issues are not of such complexity that Petitioner cannot present them *pro se*, and Petitioner has demonstrated his ability to articulate his grounds for relief. Therefore, Petitioner's motion for appointment of counsel (#12) is DENIED.

### Motion for Evidentiary Hearing

The decision to grant an evidentiary hearing is generally left to the sound discretion of district courts. *Brown v. Allen*, 344 U.S. 443, 463-64 (1953); *Townsend v. Sain*, 372 U.S. 293, 313

2 - ORDER

(1963); *see also* Rule 1(b) and Rule 8(a), Rules Governing Section 2254 Cases.  A court is not required to hold an evidentiary hearing unless the petitioner meets his burden of alleging facts which, if true, would entitle him to habeas relief, *Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990), or the claims cannot be resolved without further proceedings.  28 U.S.C. § 2243,¶8.

Petitioner argues Respondent has relied on the Declaration of Paul Thompson and that the declaration includes statements of fact that contradict the record.  (#14, at 2.)  He also argues counsel for the BOP makes assertions in the Motion to Dismiss that contradict the factual record.  (*Id*.)  However, Petitioner does not demonstrate that an evidentiary hearing will add factual support, not already in the record, to enable him to prove factual allegations that would entitle him to relief.  Accordingly, the Motion for an Evidentiary Hearing (#14) is DENIED.

## CONCLUSION

Motion for Summary Judgment (#11), Motion for Appointment of Counsel (#12), and Motion for Evidentiary Hearing (#14) are DENIED.  The Petition (#1) is taken under advisement on the record before the Court.

IT IS SO ORDERED.

DATED this  9th  day of February, 2012.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

3 - ORDER