IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PAUL L. LILLIE,

        Petitioner,                      3:11-cv-1309-MO

    v.                                     OPINION AND ORDER

JEFFERY THOMAS,

        Respondent.


    PAUL L. LILLIE
    #13741-006
    Federal Prison Camp
    P.O. Box 6000
    Sheridan, OR  97378

        *Pro Se* Petitioner


    S. AMANDA MARSHALL
    United States Attorney
    RONALD K. SILVER
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent


1 - OPINION AND ORDER

Mosman, District Judge.

Petitioner, an inmate at the Federal Correctional Institution, Sheridan, Oregon, brings this action pursuant to 28 U.S.C. § 2241. Petitioner is *pro se* and, accordingly, the Court construes his pleadings liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976)(courts construe *pro se* pleadings liberally); *Porter v. Ollison*, 620 F.3d 952 (9th Cir. 2010)(prisoner pro se pleadings are given the benefit of being liberally construed).

Petitioner alleges he was unlawfully denied eligibility for the early release incentive associated with the Bureau of Prisons ("BOP") Residential Drug Abuse Program ("RDAP"). He argues that the 2009 regulations and associated policies governing RDAP violate the Administrative Procedures Act ("APA") and have an impermissible retroactive effect. Petitioner asks that the RDAP early release incentive regulations and policies be declared invalid.

Respondent's Motion to Dismiss (#9) is before the Court. Respondent asks that the petition be dismissed on the basis that: (1) there is no cognizable restraint on liberty at issue; (2) Petitioner failed to exhaust administrative remedies; (3) the Court does not have jurisdiction to review individualized determinations regarding early release eligibility; and (4) Petitioner fails to state a claim as to the validity of the BOP's regulations and policies that have previously been adjudicated in the Ninth Circuit.

2 - OPINION AND ORDER

Because the Court finds that the regulations and internal agency guidelines under which Petitioner was denied early release are lawful and were lawfully applied, the Motion to Dismiss is GRANTED, and the Petition for Writ of Habeas Corpus (#1) is DISMISSED, with prejudice.

## BACKGROUND

### I. Statutory Background

In 18 U.S.C. §§ 3621-3625, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, and specified "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In § 3621(e), Congress articulated a specific statutory mandate for residential substance abuse treatment programs for eligible prisoners. The program the BOP created to satisfy this mandate is the Residential Drug Abuse Program ("RDAP").

When Congress enacted the Violent Crime Control Law Enforcement Act of 1994, 18 U.S.C. § 3621 was amended to include a discretionary early release incentive for inmates convicted of nonviolent offenses who successfully completed RDAP. *See* 18 U.S.C. § 3621(e)(2).[1] Beginning in 1995, exercising its broad discretion

---

[1] Section 3621(e)(2) specifies in relevant part:
(A) Generally. Any prisoner who, in the judgment of the Director of the [BOP], has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the [BOP] under such conditions as the Bureau

under the statute, the BOP promulgated a series of implementing regulations and internal agency guidelines for administering the early release incentive under 3621(e)(2). The regulations and guidelines exclude certain categories of inmates from early release eligibility. *See* 28 C.F.R. §§ 550.55(b) (2009). The substantive and procedural validity of these categorical exclusions have been challenged in court repeatedly. The substantive validity of the regulations -- that is, the BOP's authority under the statute to exclude categories of inmates from early release eligibility -- is now well established. *See Lopez v. Davis*, 531 U.S. 230 (2001)(the categorical exclusion of certain inmates from early release eligibility was a proper exercise of the BOP's discretion under the statute); *Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000) (same, upholding 28 C.F.R. § 550.58(a)(1)(vi)(B));[2] *Jacks v. Crabtree*, 114 F.3d 983, 984-86 (9th Cir. 1997) (BOP has discretion under the statute to issue regulations categorically denying early release).

---

deems appropriate. \*\*\*\*\*
(B) Period of Custody. The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve.

[2] 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000)(disqualifying inmates with offenses that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives) was re-codified as 28 C.F.R. § 550.55(b)(5)(ii)(2009).

4 - OPINION AND ORDER

The procedural validity of the regulations, however, continues to be challenged.[3]

Section 553 of the APA outlines notice and comment requirements for issuing agency regulations.[4] Section 706(2)(A) of the APA specifies a "reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." The Ninth Circuit invalidated several versions of the BOP regulations implementing the early release incentive on procedural grounds under either § 553 or § 706(2)(A). *See Paulsen v. Daniels*, 413 F.3d 999, 1005 (9th Cir. 2005) (1997 interim rule invalid because BOP violated notice and comment requirements of § 553); *Arrington v. Daniels*, 516 F.3d 1106, 1113 (9th Cir. 2008) (2000 regulation invalid under § 706 because "the administrative record contains no rationale explaining the [BOP's] decision to categorically exclude prisoners with convictions involving firearms").

---

[3]In *Lopez*, the Supreme Court did not address the procedural validity of the categorical exclusions under the APA. 531 U.S. at 244 n.6.

[4]Under the APA, agencies issuing rules must: (1) publish notice of the proposed rule-making in the Federal Register; (2) provide a period of comment on the proposed rule and consider comments submitted during the period before adopting the rule; and (3) publish the adopted rule not less than thirty days before its effective date. 5 U.S.C. § 553(b)-(d).

5 - OPINION AND ORDER

In response to *Arrington*, the BOP issued new regulations ("2009 regulations") effective March 16, 2009.[5] In doing so, the BOP relied on the discretion of the Director under the governing statute, as recognized in *Lopez,* to exclude certain categories of inmates from early release eligibility. In *Peck v. Thomas*, 2012 WL 2308187 (9th Cir. (Or.) June 19, 2012)(consolidated appeals), the Ninth Circuit found the BOP addressed the procedural deficiencies identified in *Arrington* when issuing the 2009 regulations, and upheld 28 C.F.R. § 550.55 (b)(4) and (5).[6]

The BOP applies the 2009 regulations and accompanying program statements to inmates who were interviewed for RDAP and found eligible to participate -- by the BOP -- after March 16, 2009, the effective date of the regulations. 74 Fed. Reg. 1892-01 (Jan. 14, 2009); *See also Mora-Meraz v. Thomas*, 601 F.3d 933, 936 n.4 (9th Cir. 2010) (drug abuse program rules are prospective in nature, *citing Bowen*, 202 F.3d at 1220-21 and *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir. 1997)).

---

[5] In one action, the 2009 Rule finalized three proposed rules, issued in 2000, 2004, and 2006. 74 FR 1892-01, 2009 WL 76657 (January 14, 2009.)

[6] In the procedural background, the Ninth Circuit noted "every other circuit court to consider the issue has held either the current or prior version of the regulation to be valid under the APA." *Peck*, 2012 WL 2308187 *3 (listing 3rd, 5th, 8th, and 10th Circuit opinions.

6 - OPINION AND ORDER

II.  <u>Procedures for RDAP Enrollment</u>

The BOP has plenary control, subject to statutory constraints, over inmate participation in treatment programs. *Tapia v. United States*, 131 S.Ct. 2382, 2391 ("A sentencing court can *recommend* ... but decision making authority rests with the BOP.")  The 2009 implementing regulations and the prior regulations, promulgated in 2000, specify that to participate in RDAP an inmate: (1) may be referred by unit team or drug treatment staff, or (2) may apply for the program by submitting a request to staff, "ordinarily a member of the unit team or the Drug Abuse Program Coordinator." 28 C.F.R. § 550.53(c)(2009); 28 C.F.R. § 550.56(b)(2000).  Both the 2000 and 2009 regulations also specify that it is the Drug Abuse Program Coordinator who makes the final determination, based on admission criteria, regarding an inmate's participation in RDAP. *See* 28 C.F.R. § 550.53(e)(2009); § 550.56(b)(2000).

Internal agency guidelines specify that a staff referral for participation in RDAP, or an inmate's application for participation, leads to screening for documentation verifying a substance abuse problem. *See* Program Statement P5330.11, 2.5.8-RDAP Program Admission (2009).  Inmates who pass screening are then referred for a clinical interview with the Drug Abuse Program Coordinator, who will make a determination as to whether the inmate

is eligible to be placed in RDAP.[7]  *Id.* at 2.5.9.  The clinical interview takes place "ordinarily no less than 24 months from release."  *Id.*

Pursuant to 18 U.S.C. § 3621(e)(2), the BOP may grant up to one year of early release incentive to inmates convicted of a non-violent offense following the successful completion of RDAP. Criteria for early release and procedures to determine eligibility are outlined in Program Statement P5331.02 (3/16/2009).  Early release eligibility determinations are made by legal staff at the BOP's centralized Designation and Sentence Computation Center ("DSCC") after inmates are designated eligible for RDAP and the Drug Abuse Program Coordinator submits a Request for § 3621(e) Review to the DSCC.  Section 3621(e) review includes a review of both current conviction offense(s) and prior conviction offense(s). Program Statement P5331.02, pp. 1, 5-7.

II.  Statement of the Case

On August 2, 2001, Petitioner was sentenced to 188 months imprisonment following conviction on a plea of guilty to Possession with Intent to Distribute in violation of 21 U.S.C. §841(a)(1). (#1, Ex. J at 1.)  The sentence included a two-point gun enhancement.  (#1, at 2.)  In the Judgment, the sentencing court

---

[7]The prior Program Statement, issued in 1997, described similar procedures for the determination of RDAP eligibility. *See* P5330.10, Chpt. 2, 2.3.1 (1997).

recommended Petitioner participate in the BOP's "500 Hour Drug Treatment Program." (#1, Ex. J at 2.)

Petitioner was housed in BOP facilities outside of the Ninth Circuit until he was designated to Sheridan Prison Camp on April 30, 2009. Petitioner was offered participation in RDAP on August 11, 2009, but declined. (#10, Attach. 6.) On November 20, 2009, Petitioner was interviewed for RDAP, was found eligible to participate, and was placed on the wait list. (#1, Ex. A at 1; #10, Attach. 6.)

On January 15, 2010, legal staff at the DSCC completed the requisite Offense Review for the early release incentive pursuant to § 3621(e), and concluded Petitioner was ineligible. (*Id.*) The offense review specified:

> The inmate's current offense conviction: ***
> (2) involved the carrying, possession, or use of a firearm .... (28 C.F.R. § 550.55(b)(5)(ii))[.]
> (3) by its nature or conduct, presents a serious potential risk of physical force against the person or property of another (28 C.F.R. § 550.55(b)(5)(iii))[.]
>
> ***
>
> Pursuant to PS 5162.05, sec. 4b, and 28 CRF 550.55(b)(5)(ii) and (iii), a conviction under 21 U.S.C. 841, with an accompanying 2 point enhancement under USSG 2D1.1 for possession of a dangerous weapon, will preclude early release eligibility.
> NOTE: The <u>Arrington</u> case does not apply since the inmate requested to participate in RDAP after 3/16/09, the effective date of the new regulations. The inmate is precluded from early release pursuant to the new regulations cited above. The <u>Arrington</u> case only invalidated the Bureau's former regulation at 28 CFR 550.58(a)(1)(vi)(B).

(*Id.*)

9 - OPINION AND ORDER

Petitioner challenges the legality of the regulations and policies under which he was determined to be ineligible for the RDAP-related early release incentive. He argues: the BOP exceeded its statutory authority when construing and implementing § 3621(e)(2)(B); the 2009 regulations were promulgated in violation of the APA; and it is a retroactive application of law to apply the 2009 regulations in his offense review because the regulations were promulgated after he was arrested, and after he was sentenced. Petitioner also argues: he had a settled expectation arising from assurances at his sentencing that he would receive a one-year sentence reduction upon successfully completing RDAP; his eligibility should be reviewed under *Arrington v. Daniels*; and the BOP intentionally delayed his RDAP interview until November 2009. Petitioner asks the Court to find that the regulations and policies under which he was designated ineligible for the early release incentive are invalid.

## **DISCUSSION**

District courts do not have jurisdiction to review "any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). The Court does, however, have jurisdiction to review BOP action alleged to be contrary to established federal law or to exceed the agency's statutory authority. *Id.* at 1228.

I.   BOP's Statutory Authority

As discussed above, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, within statutory parameters. Pursuant to § 3621(e)(2), the BOP must restrict early release eligibility to non-violent offender. But the statute does not preclude the BOP from imposing further restrictions on early release eligibility and disqualifying some non-violent offenders. *Lopez*, 531 U.S. at 244; *Jacks*, 114 F.3d at 984-86. Accordingly, Petitioner's argument that the BOP exceeded its statutory authority in construing and implementing § 3621(e)(2)(B), such that statutorily eligible inmates are disqualified from early release eligibility, is without merit.[8]

II.  Validity Under the APA

Petitioner argues that Program Statements P5331.02 and P5330.11 were promulgated in violation of the APA. However, so long as program statement provisions are not inconsistent with the associated regulations, they are valid interpretive rules not subject to the rule-making requirements of the APA. *Gunderson v. Hood*, 268 F.3d 1149, 1154 (9th Cir. 2001); *see also Mora-Meraz*, 601 F.3d at 939-40 (12-month rule is an interpretive rule). The BOP program statements relevant to this action are internal agency

---

[8]To the extent Petitioner seeks to challenge the Specific Offense Enhancement adopted by the U.S. District Court for the District of Alaska at sentencing, this Court does not have jurisdiction to review the claim. Such a claim must be presented to the sentencing court.

11 - OPINION AND ORDER

guidelines, not inconsistent with the regulations and, therefore, not subject to the notice and comment requirements of the APA. *See Reeb*, 636 F.3d at 1227; *see also Reno v. Koray*, 515 U.S. 50, 61 (1995)(BOP program statements are interpretive rules); *Ruby v. Thomas*, 2011 WL 1549205 (D.Or., April 21, 2011)(upholding rule that RDAP eligibility interviews are to be held ordinarily no less than 24 months from release). Thus, Petitioner's argument that the program statements are invalid under the APA cannot stand. To the extent Petitioner argues the BOP does not follow its internal guidelines and is, therefore, acting unlawfully, the claim cannot give rise to habeas relief. *Reeb*, 636 F.3d at 1227 (noncompliance with internal agency guideline is not a violation of federal law).

III. Retroactive Effect

The question remaining before the Court is whether Petitioner's early release eligibility determination under the 2009 regulations violated the retroactivity doctrine, or was otherwise unlawful. For the reasons that follow, the Court finds Petitioner's eligibility determination under the 2009 regulations to be lawful.

    A.   Retroactivity Doctrine

The retroactivity doctrine conveys the long-standing presumption against the retroactive application of laws when such an application would "tak[e] away or impai[r] vested rights acquired under existing laws, or creat[e] a new obligation, impos[e] a new duty, or attac[h] a new disability, in respect to

12 - OPINION AND ORDER

transactions or considerations already past." *Vartelas v. Holder*, ---S.Ct.---, 2012 WL 1019971 *6 (March 28, 2012)(alteration in original)(quoting *Society for Propagation of Gospel v. Wheeler*, 22 F.Cas. 756, 767 (No. 13, 156)(CCNH 1814), Story, J.)  Unless expressly conveyed by Congress, rule-making authority is generally understood not to encompass the promulgation of retroactive rules. *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); *see also* 5 U.S.C. § 551(4)(rules have future effect).  BOP drug treatment program regulations and the associated program rules are prospective in nature. *See Mora-Meraz*, 601 F.3d at 936 n.4 (*citing Bowen,* 202 F.3d at 1220-21 *and Cort*, 113 F.3d at 1085).

In evaluating whether a regulation has a retroactive effect, "[a] court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf v. USI Film Products*, 511 U.S. 244, 269-70 (1994).  In the context of RDAP-related early release, the court must ask whether an inmate has a settled expectation of receiving the discretionary benefit.

It is well established that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  It is also well established that inmates do not have a protected liberty interest in the RDAP-associated discretionary early release benefit.  *See Lopez*, 531 U.S. at 241; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Jacks*, 114 F.3d at 986 n.4; *Downey v. Crabtree*,

13 - OPINION AND ORDER

100 F.3d 662, 670 (9th Cir. 1996) (statutory language of § 3621(e) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction. . . . Relevant legislative history also supports this conclusion.")

In the Ninth Circuit, a settled expectation and "right to consideration" for early release have been recognized for a narrow class of inmates: *those who received official notification from the BOP* that they were eligible to be considered for the early release incentive prior to the effective date of amended regulations that disqualified them. *Bowen v. Hood*, 202 F.3d 1211, 1221 (9th Cir. 2000), *cert. denied sub nom, Davis v. Hood*, 531 U.S. 111 (2001); *Cort v. Crabtree*, 113 F.3d 1081, 1085 (1997). A settled expectation has not been recognized in the absence of a formal notification of eligibility, from the BOP, prior to the effective date of a regulation, even for inmates actively participating in RDAP. *See Bowen*, 202 F.3d at 1222; *Furguiel v. Benov*, 155 F.3d 1046 (9th Cir. 1998); *c.f. Serrato v. Clark*, 486 F.3d 560, 571 (9th Cir. 2007)(termination of boot-camp program not an impermissibly retroactive action since inmate had not received official notification of eligibility).

    B.   <u>Analysis</u>

Subject to appropriations, the BOP is required to provide drug treatment to all eligible inmates. 18 U.S.C. § 3621(e). And sentencing courts may make *recommendations* for treatment programs.

14 - OPINION AND ORDER

However, determining which inmates are eligible for treatment programs is left to the discretion of the BOP. 18 U.S.C. §§ 3621(e)(1)(C) and (e)(5)(B); *Tapia,* 131 S.Ct. at 2390-91 (BOP decides inmate participation in treatment programs); *Downey*, 100 F.3d at 670 (same, citing 18 U.S.C. § 3621(b)(1988) and Second, Sixth, and Seventh Circuit law). Thus, formal notification of RDAP eligibility and any settled expectation arising from that notification requires action by the BOP.

The same is true for early release eligibility. The BOP is vested with the authority to determine which inmates are eligible for the discretionary early release incentive upon their successful completion of RDAP, and the BOP has the authority to disqualify statutorily eligible non-violent offenders. It follows that formal notification of early release eligibility, and any settled expectation arising from that notification, comes from BOP action and not from a sentencing court's recommendations. Therefore, Petitioner's argument that he relied on the sentencing court's assurances of an opportunity to receive the RDAP-related sentence reduction, and that his arrest and sentencing dates should govern which regulations are applied in assessing his eligibility, cannot stand.

Furthermore, applying the analysis used by the Ninth Circuit in *Cort* and subsequent retroactivity challenges to BOP action under newly promulgated program rules, there could be no settled expectation relating to RDAP, or the related early release

15 - OPINION AND ORDER

incentive, until Petitioner was formally notified he was eligible for RDAP. The record shows Petitioner was initially offered RDAP on August 11, 2009, after his transfer to FCI Sheridan, but he declined. (#10, Attach. 6) He was then interviewed for RDAP and put on the wait-list on November 20, 2009. (*Id.*; #1, Ex. A.) Thus, his formal RDAP eligibility notification and early release eligibility notification occurred in the Ninth Circuit after the March 16, 2009, effective date of the 2009 regulations. The BOP, therefore, did not violate the retroactivity doctrine in applying the 2009 regulations to Petitioner's eligibility determination.

Because Petitioner's formal RDAP eligibility notification did not occur before the new regulations went into effect, his argument that he must be evaluated under *Arrington* also fails. Under *Arrington*, qualifying inmates are evaluated for the early release incentive without regard to whether the conviction offense involved the use orpossession of a firearm, or sentencing included a firearm offense enhancement. However, *Arrington* only applies to inmates housed in the Ninth Circuit and notified of their eligibility to participate in RDAP prior to March 16, 2009, or to those who had completed RDAP while housed in the Ninth Circuit prior to March 16, 2009. The record shows Petitioner does not meet these criteria.

Petitioner argues that he expressed interest in RDAP before the effective date of the current regulations, and that the BOP intentionally delayed his RDAP eligibility interview until after the new regulations were in effect. (#1, at 12.) Petitioner's

16 - OPINION AND ORDER

argument is unavailing.  The statute specifies that priority for RDAP treatment is to be based on proximity to release date.  18 U.S.C. § 3621(e)(1)(C).  Consistent with the statute, the BOP adopted a policy of conducting RDAP eligibility interviews "ordinarily no less than 24 months from release." *See Ruby*, 2011 WL 1549205.  Petitioner's projected good conduct release date is May 28, 2013.  (#1, Ex. K at 1.)  He was initially offered RDAP in August 2009, but declined.  He was then interviewed for RDAP in November 2009, and placed on the wait-list.  There is no evidence in the record to suggest the timing of Petitioner's interview was intentionally delayed, or based on anything other than his proximity to release and willingness to participate in RDAP.

## CONCLUSION

Based on the foregoing, habeas relief is not warranted.  The Motion to Dismiss (#9) is GRANTED, and the Petition for Writ of Habeas Corpus (#1) is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this   22nd   day of June, 2012.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge